FILED BY _____ J.C.

05 JUN 24 PM 4: 5

ROBERT R. DI TROLIO
CLERK, U.S. D___ CT.
W.D. OF TN, MEMPHIS

FILED BY ___Cas___ D.C.

2005 JUN 22 AM 8: 45

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT
W.D. OF TN. MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

United States of America,

    Plaintiff,

vs.

Six (6) Assorted Conveyances, with
All Appurtenances and Attachments
Thereon,

Ninety-Eight Thousand Eight Hundred
Ninety-Five Dollars ($98,895.00) in
U.S. Currency,

    Defendants.

Civil No. 04-3012-MlV

**MOTION GRANTED**

_JP McCalla_
JON PHIPPS McCALLA
U.S. DISTRICT JUDGE

June 24, 2005
DATE

---

## MOTION TO STAY ALL PROCEEDINGS
## PENDING THE OUTCOME OF RELATED CRIMINAL CASE
## AND MEMORANDUM IN SUPPORT

---

COMES NOW the United States of America, by and through Terrell L. Harris, United States Attorney, and Christopher E. Cotten, Assistant United States Attorney for the Western District of Tennessee, and respectfully moves that this Honorable Court stay proceedings in the above-styled case pending the outcome of a related criminal prosecution. In support of this motion, the United States would show the following:

    1.    Claimant Major Grubb is the defendant in <u>United States v. Grubb</u>, No. 04-20310-Ma (W.D. Tenn.). Other claimants in this case are Connie McGaughy as the purported owner of the defendant 1997 Ford Expedition, VIN 1FNBU18L1VLB85115, and American Savings Credit Union

as the lienholder for the defendant 1997 BMW 740IL, VIN WBAGJ8325VDM03816.

2. This case was previously stayed on Grubb's motion without opposition from the government. However, the magistrate judge has set the case for a scheduling conference on June 30, 2005.

3. It is anticipated that the instant case and the related criminal case will require the testimony of a number of the same witnesses, and that all of the witnesses the claimants may seek to depose in relation to this case would also be witnesses in the criminal proceeding.

4. Title 18 U.S.C. Section 981(g)(1) provides for the stay of civil forfeiture proceedings where civil discovery will adversely affect the ability of the government to conduct the investigation and/or prosecution of a related criminal case.

5. Government counsel has consulted with Mr. Bruce I. Griffey, counsel for both Major Grubb and Connie McGaughy. Mr. Griffey advises that he opposes the requested stay on behalf of Ms. McGaughy, but does not oppose it on behalf of Mr. Grubb. Government counsel has also consulted with Mr. Roger Stone, counsel for First American Savings Credit Union, who does not oppose the requested stay.

6. In further support of this motion, the government submits the following memorandum of law:

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS

Title 18 United States Code, Section 981(g)(1) provides that:

> Upon motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

18 U.S.C. §981(g)(1) (2000). This section, enacted as part of the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), replaced an earlier provision that required the government to meet a more stringent "good cause" standard to obtain a stay. See, 21 U.S.C. §881(i) (repealed effective August 21, 2000)[1]; United States v. All Funds Deposited in Account 200008524845, 162 F.Supp.2d 1325, 1330 (D.Wyo. 2001), quoting §981(g)(1) ("The new statute requires only that the court 'determine(s) that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation for [sic] the prosecution of a related criminal case.'").

Courts applying the higher "good cause" standard have concluded that the necessity of protecting a criminal case from civil discovery by a claimant constitutes sufficient justification for staying civil forfeiture proceedings. In United States v. Premises and Real Property at 297 Hawley Street, Rochester, New York, 727 F.Supp. 90, 91 (W.D.N.Y. 1990), for example, the court, quoting,

---

[1] The old §881(i) provided that:

> The filing of an indictment or information alleging a violation of law, Federal, State, or local, which is also related to a forfeiture proceeding under this section shall, upon motion of the United States and for good cause shown, stay the forfeiture proceeding.

3

United States v. $8,850, 461 U.S. 555, 567 (1983), recognized that:

> A civil suit brought prior to, or in conjunction with a related criminal proceeding "provide[s] improper opportunities for the claimant to discover the details of . . . [the] pending criminal prosecution." One of the principal motivations behind the Congressional enactment of §881(i), therefore, was to prevent a criminal defendant in such a situation from employing the expansive scope of civil discovery as a means of circumventing the limitations imposed upon discovery in criminal cases.

See also, United States v. A Parcel of Land, Buildings, Appurtenances, and Improvements Known as 92 Buena Vista Ave., Rumson, New Jersey, 738 F.Supp. 854, 863 (D.N.J. 1990) ("good cause" established where civil discovery would require government to produce statements of informant in criminal case and claimant was being allowed to occupy defendant real property); United States v. One Single Family Residence Located at 2820 Taft Street, Hollywood, Florida, 710 F.Supp. 1351, 1352 (S.D. Fla. 1989) ("The government is correct in asserting that the scope of civil discovery could interfere with the criminal prosecution.").

Similarly, in this case, claimant Major Grubb is the subject of a criminal prosecution in which the facts and witnesses substantially overlap with the instant civil forfeiture proceedings. It is anticipated, in fact, that every witness the claimants might seek to depose in this case would also be a witness in the criminal proceeding. The broader demands of civil discovery would enable the claimant to secure information to which he is not entitled under the rules governing discovery in criminal cases.

Accordingly, it is submitted that a stay of these proceedings is appropriate pending the outcome of the criminal case. If the requested stay is granted, the government will notify the Court within 14 days of the resolution of the criminal case by way of the entry of judgment.

4

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that these proceedings be stayed pending the outcome of the criminal case involving claimant Major Grubb.

Respectfully submitted,

TERRELL L. HARRIS
United States Attorney

By: *[signature]*

CHRISTOPHER E. COTTEN
Assistant United States Attorney
800 Federal Building
Memphis, Tennessee 38103
(901) 544-4231
#014277 (Tennessee)

## **CERTIFICATE OF SERVICE**

I, Christopher E. Cotten, Assistant United States Attorney for the Western District of Tennessee, hereby certify that copies of the foregoing motion have been sent, first class postage pre-paid, to Mr. Bruce I. Griffey and Mr. Roger Stone, attorneys for the claimants.

This 21st day of June, 2005.

CHRISTOPHER E. COTTEN
Assistant United States Attorney

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 23 in case 2:04-CV-03012 was distributed by fax, mail, or direct printing on June 27, 2005 to the parties listed.

---

Christopher E. Cotten
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Roger A. Stone
STONE HIGGS & DREXLER
200 Jefferson Ave.
Ste. 1000
Memphis, TN 38103

Bruce I. Griffey
LAW OFFICES OF BRUCE I. GRIFFEY
142 North Third St.
3rd Floor
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT